UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ASCENSION PARISH SALES AND USE
TAX AUTHORITY                                    CIVIL ACTION

VERSUS                                           NUMBER 10-248-BAJ-SCR

TURNER BROS. CRANE AND RIGGING,
LLC, OF DELAWARE

### ORDER TO AMEND NOTICE OF REMOVAL

Defendant Turner Bros. Crane & Rigging, LLC of Delaware removed this case asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.  In the Notice of Removal the defendant alleged that "[] Defendant is a citizen of the State of Delaware, as it was organized under the laws of Delaware and has its principal place of business in the State of Oklahoma." Plaintiff's petition alleged that Turner Bros. Crane and Rigging, LLC of Delaware is "a foreign limited liability company, domiciled in Wilmington, Delaware, with a principal place of business in Oklahoma City, Oklahoma."

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[1]

Under § 1332(c)(1) a corporation is deemed to be a citizen of

---

[1] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

any state in which it is incorporated, and of the state in which it has its principal place of business.  For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[2]  Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[3]

Defendant's jurisdictional allegations regarding its citizenship are not sufficient to establish diversity jurisdiction.[4]

Therefore;

---

[2] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[3] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership.  *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

[4] The Court reviewed the record in *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, CV 06-88-JVP-DLD, specifically the Statement of Citizenship filed as record document number 119, to determine whether any of the members of Turner Bros. Crane and Rigging, LLC of Delaware are Louisiana citizens. However, because  the names of the members of a limited liability company which is also a member of Turner Bros. Crane and Rigging, LLC of Delaware  are strictly confidential, that determination cannot be made.  See also, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, CV 06-110-JVP-DLD, record document number 74, Statement of Citizenship.

IT IS ORDERED that defendant Turner Bros. Crane & Rigging, LLC of Delaware shall have 14 days to file an Amended Notice of Removal which properly alleges its own citizenship.[5]

**Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, November 2, 2010.

　　　　　　　　　　　　　　　　　／s／ Stephen C. Riedlinger
　　　　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[5] As it did in CV 06-88 and CV 06-110, the defendant should file a statement of citizenship with its amended notice of removal, or include the same information in the amended notice of removal, if it is still necessary to protect the confidentiality of the identity of a member of the defendant.