UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ASCENSION PARISH SALES AND USE
TAX AUTHORITY

CIVIL ACTION

VERSUS

NUMBER 10-248-BAJ-SCR

TURNER BROTHERS CRANE &
RIGGING, L.L.C.

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 29, 2011.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ASCENSION PARISH SALES AND
USE TAX AUTHORITY                         CIVIL ACTION

VERSUS                                    NUMBER 10-248-BAJ-SCR

TURNER BROTHERS CRANE &
RIGGING, L.L.C.

## MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Remand filed by plaintiff Ascension Parish Sales and Use Tax Authority Record document number 4. Also before the court is the Plaintiff's Supplemental Motion to Remand for Lack of Jurisdiction Over the Subject Matter. Record document number 27. Both motions are opposed.[1]

Plaintiff filed a Petition for Rule to Show Cause in Summary Sales and Use Tax Proceeding in state court after defendant Turner Brothers Crane & Rigging, L.L.C. failed to pay a tax assessment issued in accordance with LSA-R.S. 47:337.51. In its petition, the plaintiff sought the following: (1) judgment for $1,771,875.20 for the delinquent tax assessment and respective interest; (2) a lien of the defendant's property; (3) an injunction prohibiting the defendant from conducting business in Ascension Parish until

---

[1] Record document number 6, opposition to original motion to remand. Plaintiff filed a reply memorandum. Record document number 9. Plaintiff and the defendant each filed supplemental memoranda. Record document numbers 18 and 19, respectively. Record document number 28, opposition to supplemental motion to remand.

judgment and interest are paid; and,(4) reasonable attorney's fees.

Defendant Turner Brothers Crane & Rigging, L.L.C. removed the case asserting subject matter jurisdiction under 28 U.S.C. § 1332. To establish diversity jurisdiction, Turner alleged that: (1) it was a citizen of Delaware, being organized under the laws of Delaware and having its principal place of business in Delaware; (2) the plaintiff was Louisiana citizen; and, (3) the amount in controversy exceeds $75,000.00.[2] Defendant also asserted that the removal was not barred by the Tax Injunction Act.

In its original Motion to Remand, the plaintiff asserted that the defendant failed to timely exercise its state statutory rights to challenge the tax assessment. Plaintiff argued that pursuant to LSA-R.S. 47:337.51C(2), the defendant waived its rights to such a challenge in either state or federal court. Plaintiff also argued that through the defendant's inaction, the assessment became final and equivalent to a judgment, and thus this court did not have subject matter jurisdiction under the *Rooker-Feldman* doctrine. Plaintiff also argued that remand is warranted based on abstention under the Tax Injunction Act, 28 U.S.C. § 1341, and the principle of comity.

On November 2, 2010, this court ordered the defendant to amend its Notice of Removal to properly allege its citizenship as a

---

[2] Record document number 1, Notice of Removal, ¶¶ 3, 7, 8, and 9.

2

limited liability company, specifically identifying each of its members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[3] Defendant subsequently amended its notice to include the following allegations regarding its citizenship:

> 8. Turner Bros., LLC is a limited liability company organized under the laws of the State of Delaware and has a single member, Turner Bros. Holdings, LLC.
>
> 9. Turner Bros. Holdings, LLC is a limited liability company organized under the laws of the State of Delaware and has eight members: (1) TB Holdings Limited, LLC; (2) West Rim Capital Partners II-a, L.P.; (3) Sorenson Capital Partners II, L.P.; (4) SCP/TBH, LLC; (5) Lift Holdings, Inc.; (6) GE Capital Equity Holdings, Inc.; (7) Jack Shubert and (8) John Schissler.
>
> 10. TB Holdings Limited, LLC is a limited liability company organized under the laws of the State of Delaware and has seven members: (1) Huntsman Gay Capital Partners Fund, LP; (2) Huntsman Gay Capital Partners Parallel Fund A, LP; (3) Huntsman Gay Capital Partners Parallel Fund B, LP; (4) HGIP Associates, LP; (5) HGIP Trust Associates, LP; (6) HG Affiliate Investors, LP and (7) RGIP, LLC.
>
> 11. Huntsman Gay Capital Partners Fund, LP; Huntsman Gay Capital Partners Parallel Fund A, LP; Huntsman Gay Capital Partners Parallel Fund B, LP; HGIP Associates, LP; HGIP Trust Associates, LP; HG Affiliate Investors, LP are each limited partnerships organized under the laws of the Cayman Islands, an overseas territory of the United Kingdom. An affidavit from Leslie M. Brown, Jr. (attached hereto as "Exhibit A") provides and confirms that within each of the foregoing limited partnerships there is no individual or company who is a citizen of the State of Louisiana.
>
> 12. RGIP, LLC, the only other member of TB Holdings Limited, LLC, is a limited liability company organized under the laws of the State of Delaware and its sole

---

[3] Record document number 20.

member is Ropes & Gray, LLP, which is a partnership organized under the laws of the State of Delaware and operates as an international law firm with U.S. offices in Boston, Massachusetts; Chicago, Illinois; New York, New York; San Francisco and Silicon Valley, California; and Washington D.C. The partners of Ropes & Gray, LLP are individuals residing either outside of the United States or in Massachusetts, Illinois, New York, California, Washington D.C. and bordering States and therefore are not citizens of Louisiana.

13. West Rim Capital Partners II-a, L.P. and Sorenson Capital Partners II, L.P. are both limited partnerships organized under the laws of the State of Delaware and SCP/TBH, LLC is a limited liability company organized under the laws of the State of Delaware. An affidavit from Luke Sorenson (attached hereto as "Exhibit B") provides and confirms that within West Rim Capital Partners II-a, L.P., Sorenson Capital Partners II, L.P. and SCP/TBH, LLC there is no individual or company who is a citizen of the State of Louisiana.

14. Lift Holdings, Inc. is a corporation organized under the laws of the State of Delaware and with its principal place of business in the State of Massachusetts.

15. GE Capital Equity Holdings, Inc. is a corporation organized under the laws of the State of Delaware and with its principal place of business in the State of Connecticut.

16. Jack Shubert and John Schissler are both individuals domiciled in Houston, Texas and therefore are citizens of the State of Texas.[4]

Plaintiff then filed its supplemental motion to remand, arguing that because the defendant's sole member (which is another limited liability company) includes a limited liability company which has as one of its members another limited liability company whose only member is a partnership, which partnership has partners

---

[4] Record document number 23.

who are American citizens domiciled abroad, there is no complete diversity of citizenship. Plaintiff asserted that the Ropes & Gray law firm has several partners who are United States citizens not domiciled in the United States. Specifically, the plaintiff asserted that Ropes & Gray, LLP is the sole member of RGIP, LLC, which is a member of TB Holding Limited, LLC. TB Holding Limited, LLC is one of eight members of Turner Bros. Holding, LLC., which is the sole member of the named defendant. Plaintiff argued that diversity jurisdiction under § 1332 is destroyed by the Ropes & Gray partners who were not domiciled within a U.S. state at the time of removal.

### **Applicable Law**

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995). The removal statute is strictly construed in favor of remand, thus any ambiguities are resolved against removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), *citing*, *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

When jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American*

5

*Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975). For purposes of diversity, the citizenship of a limited liability company and a limited partnership is determined by considering the citizenship of all the members and partners. *Harvey v. Grey Wolf Drilling* Co., 542 F.3d 1077, 1080 (5th Cir. 2008); *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991)(with the exception of corporations, citizenship of an artificial entity for purposes of diversity is the citizenship of each of the entity's constituent members), *citing*, *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990)(court must look to citizenship of partnership's limited and general partners to determine whether there is complete diversity); *Blanchard v. Wal-Mart Stores, Texas, LP*, 368 F.Supp.2d 621, 624-25 (E.D.Tex. 2005).

A United States citizen who resides abroad is not considered a citizen of any state and thus cannot sue or be sued in federal court under diversity jurisdiction, 28 U.S.C. § 1332, unless that party is a citizen, i.e. domiciled, in a particular state of the United States. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996), *citing*, 1 J. Moore, Moore's Federal Practice § 0.74[4] (1996).

## **Analysis**

Defendant argued the court should not follow the holding of *Turner Brothers Crane and Rigging, L.L.C. v. Kingboard Chemical Holding Limited, et al.,* which requires a party to trace its layers

of citizenship throughout its multi-tiered unincorporated associations, regardless of the number of levels or tiers.[5] Defendant argued that Ropes & Gray's partners who are domiciled abroad should not affect the citizenship analysis in this case because they are too far removed from the defendant. Specifically, the defendant asserted that, through RGIP, LLC., Ropes & Gray holds a less than one percnet interest in TB Holding Limited, LLC, and only 18 of the 200 partners of Ropes & Gray, i.e. approximately ten percent, reside overseas.

As discussed in depth in *Kingboard*, while the method of determining the citizenship of a limited liability company has not been specifically addressed by the Supreme Court and the Fifth Circuit, the lower courts within this Circuit, including this court, have consistently held that these entities should be treated like partnerships for purposes of diversity jurisdiction. The fact that a partner or member is structurally or geographically far-removed, or the partnership or membership consists of several or thousands of partners/members, has not persuaded the courts in this circuit to apply a different rule for multi-tiered business entities.[6]

---

[5] 2007 WL 2848154 (M.D.La. Sept. 24, 2007).

[6] *See Bozman v. Shreveport Doctor's Hospital 2003*, Ltd., 2006 WL 2524161 (W.D.La. Aug. 30, 2006), *citing*, *Masion v. Liberty Mutual Ins. Co.*, 2006 WL 1675378 (W.D.La. Jun. 16, 2006).
Tracing the layers of citizenship is often complex in
(continued...)

Defendant's reliance on the dissent in *C.T. Carden v. Arkoma Associates* is unpersuasive.[7] The *Carden* dissent argued that a "real party to the controversy" approach should be applied in choosing which partners' citizenship determine the citizenship of a limited partnership. The *Carden* majority's rejection of this argument was reiterated by the Supreme Court in *Grupo Dataflux v. Atlas Global, L.P.*, which specifically noted that a court may not consult the citizenship of less than all an artificial entity's members when determining the citizenship of that entity.[8]

Thus, the defendant cannot establish diversity jurisdiction under § 1332 when it has a tiered member which is a partnership with partners who were not citizens of a state of the United States at the time of removal.

Because this Court does not have diversity jurisdiction, the issues raised in the plaintiff's original Motion to Remand do not need to be addressed.

---

[6](...continued)
multi-tiered entities, but the difficulty of the task has not persuaded the courts to afford different treatment to multi-tiered entities, even when some of the lower-tiered entities have thousands of limited partners who acquire their interest through public trading.

[7] 494 U.S. 185, 110 S.Ct. 1015 (1990).

[8] 541 U.S. 567, 579, 124 S.Ct. 1920 (2004), *citing*, *Carden,* 494 U.S. at 195.

8

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Supplemental Motion to Remand for Lack of Jurisdiction Over the Subject Matter be granted and that the plaintiff's Motion to Remand be denied as moot.

Baton Rouge, Louisiana, April 29, 2011.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE